| | |
|---|---|
| 1 | TINA WOLFSON, SBN 174806 |
|   | twolfson@ahdootwolfson.com |
| 2 | ROBERT AHDOOT, SBN 172098 |
|   | rahdoot@ahdootwolfson.com |
| 3 | KEITH CUSTIS, SBN 218818 |
| 4 | kcustis@ahdootwolfson.com, |
|   | THEODORE W. MAYA, SBN 223242 |
| 5 | tmaya@ahdootwolfson.com |
|   | AHDOOT & WOLFSON, P.C. |
| 6 | 1016 Palm Avenue |
|   | West Hollywood, California 90069 |
| 7 | Telephone: 310-474-9111 |
| 8 | Facsimile: 310-474-8585 |
| 9 | NICK SUCIU III (pro hac vice application forthcoming) |
| 10 | nicksuciu@bmslawyers.com |
| 11 | BARBAT, MANSOUR & SUCIU PLLC |
|    | 434 West Alexandrine #101 |
| 12 | Detroit, Michigan 48201 |
|    | Telephone: (313) 303-3472 |
| 13 | |
|    | Counsel for Plaintiffs |
| 14 | JULIAN MENA, TODD SCHREIBER, |
|    | NATE COOLIDGE and ERNESTO MEJIA |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE and ERNESTO MEJIA individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> UBER TECHNOLOGIES, INC., a Delaware Corporation, <br><br> Defendants. | Case No. 3:15-cv-00064-JST <br><br> **DECLARATION OF NATE COOLIDGE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS PENDING ARBITRATION** |

Case No. 3:15-cv-00064-JST
COOLIDGE DECL. ISO OPPOSITION TO MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

I, Nate Coolidge, declare as follows:

1. I am a plaintiff in this action. This declaration is submitted in support of Plaintiffs' Opposition to Defendant Uber Tecnhologies, Inc.'s ("Uber") Motion to Stay Proceedings Pending Arbitration. I have personal knowledge of the matters set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2. I am an Uber customer. I obtained an Uber account on February 15, 2014 using an Android operated smartphone. To obtain my account, I used Google Wallet.

3. When I obtained my Uber account using Google Wallet, I was not provided with a hyperlink to Uber's Terms of Service. I was not asked to, and did not, agree to Uber's Terms of Service. I was not required to read any Terms of Service before creating an Uber account. Nor was I required to "click" on any box or hyperlink to confirm that I had read and agreed to Uber's Terms of Service.

4. I also did not see any reference to arbitration when I created an account with Uber, or at any time since I obtained an account with Uber. Only in connection with this lawsuit am I aware that Uber contends that I somehow agreed to arbitration.

5. I have reviewed the Declaration of Jeremy Lermitte In Support of Uber's Motion to Stay Proceedings Pending Arbitration (the "Lermitte Declaration") and the Exhibit A to the Lermitte Declaration, which Mr. Lermitte states are screenshots of an email that was sent to me on October 29, 2014.

6. I do not recall receiving or opening any email from Uber on October 29, 2014. I have reviewed my email and determined that I did not open the email from Uber on October 29, 2014. Because I did not open the October 29, 2014 email, I did not click on the "I Accept" box in the body of the email to indicate my agreement to any Terms of Service.

7. I also was not required to "click" on any box or hyperlink to confirm that I had read and agreed to the Terms of Service, or to continue riding. I did not "click" on the "I Accept" box in the October 29, 2014, email and have been able to continue taking UberX rides.

8. When I signed up for an Uber account, I also did not see any reference to the American Arbitration Association or "the Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes." Even if I had, I only vaguely knew what the American Arbitration Association is. I definitely would not have understood that a reference to the American Arbitration Association rules meant that I was giving an arbitrator the exclusive right to decide if the "Terms of Service" are legally valid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of May 2015, in Watertown, Massachusetts.

_____
Nate Coolidge