1   TINA WOLFSON, SBN 174806
    twolfson@ahdootwolfson.com
2   ROBERT AHDOOT, SBN 172098
    rahdoot@ahdootwolfson.com
3   KEITH CUSTIS, SBN 218818
    kcustis@ahdootwolfson.com,
4   THEODORE W. MAYA, SBN 223242
    tmaya@ahdootwolfson.com
5   AHDOOT & WOLFSON, P.C.
    1016 Palm Avenue
6   West Hollywood, California 90069
    Telephone: 310-474-9111
7   Facsimile: 310-474-8585
8
9   NICK SUCIU III (pro hac vice application
    forthcoming)
10  nicksuciu@bmslawyers.com
    BARBAT, MANSOUR & SUCIU PLLC
11  434 West Alexandrine #101
    Detroit, Michigan 48201
12  Telephone: (313) 303-3472
13
    Counsel for Plaintiffs
14    JULIAN MENA, TODD SCHREIBER,
      NATE COOLIDGE and ERNESTO MEJIA
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
18  JULIAN MENA, TODD SCHREIBER,        Case No. 3:15-cv-00064-JST
    NATE COOLIDGE and ERNESTO
19  MEJIA individually and on behalf of all   **PLAINTIFFS' OBJECTION TO AND**
    others similarly situated,          **MOTION TO STRIKE REPLY EVIDENCE**
20                                       **RE DEFENDANT'S MOTION TO STAY**
                          Plaintiffs,   **PROCEEDINGS PENDING ARBITRATION,**
21           v.                          **OR IN THE ALTERNATIVE, REQUEST FOR**
                                         **A SURREPLY**
22  UBER TECHNOLOGIES, INC., a
    Delaware Corporation,                Date:        June 11, 2015
23                                       Time:        2:00 p.m.
                         Defendants.     Judge:       Hon. Jon S. Tigar
24                                       Courtroom:   San Francisco Courthouse
                                                      Courtroom 9, 19th Floor
25                                                    450 Golden Gate Ave.
                                                      San Francisco, CA 94102
26
27                                       Action Filed: January 6, 2015
28

# I.   INTRODUCTION

A reply brief is not the time to introduce new evidence and new arguments. Yet that is exactly what Defendant Uber Technologies, Inc. ("Uber") has done.  Uber's Motion to Stay Proceedings Pending Arbitration (Dkt No. 31) included five declarations and seven exhibits— from R. Michael Cianfrani, J.J. Ford, Paul Holden, Jeremy Lermitte and Amir Memon (Dkt Nos. 32-36).   In reply, Uber offers two new declarations from Uber counsel A. Matthew Ashley and Uber paralegal William Glad, and five exhibits. (Dkt. Nos. 40, 40-1, 40-2, 40-3, 40-4, 40-4, 41).   These declarations offer additional facts in support of new arguments that could have been made in Uber's opening papers.  Plaintiffs will be prejudiced unless the Court either strikes the declarations and ignores the new arguments, or grants Plaintiffs the opportunity to respond.  *See* Northern District Local Rule 7-3(d)(1).

By the Ashley Declaration, Uber seeks to introduce "screenshots" of the Internet website pages containing the purported agreements submitted by defendants in five actions, one of which was not even cited in Uber's moving papers.  Uber seeks to introduce these exhibits to support a new argument that "courts in this Circuit and throughout the nation have held that notice was sufficient when it was provided just before the user completed his or her registration." Uber Reply at 8:26-28.  Uber's new argument mischaracterizes the facts of these decisions, each of which differs from Uber's registration process in meaningful ways.  If Uber is allowed to rely on the screenshots attached to the Ashley Declaration and its new argument, Plaintiffs deserve the opportunity to respond.

By the Glad Declaration, Uber seeks to introduce evidence of the number of Uber rides that Plaintiff Nate Coolidge requested and completed after October 29, 2014, including the number of rides taken after May 4, 2015, when Uber filed the Motion.  Uber uses this evidence to advance a new argument that Uber's Motion itself constitutes sufficient notice to Plaintiff Coolidge of Uber's Terms of Service ("TOS"), including its arbitration provision, and that Coolidge is bound to arbitrate because he requested and completed an Uber ride after its Motion was filed. If this new theory is going to be advanced, Plaintiffs deserve the opportunity to respond.

1   The Court should strike the declarations of A. Mathew Ashley and William Glad, along

2   with their five exhibits (Dkt. Nos. 40, 40-1, 40-2, 40-3, 40-4, 40-4, 41) pursuant to Northern

3   District Local Rule 7-3(d)(1), and ignore Uber's new arguments.   Alternatively, the Court

4   should allow Plaintiffs to file a surreply in response to the new evidence and arguments.

5   ## II.   ARGUMENT

6   **A.    Uber's New Evidence And Arguments Are Untimely and Should Be Stricken**

7   When a moving party submits new evidence and arguments in a reply brief, the Court

8   should either disregard the new evidence and arguments, or provide the non-moving party with

9   an opportunity to respond. This is because it is improper as a matter of law for a moving party

10   to shift gears and introduce completely new facts or different legal arguments in the reply brief

11   than it presented in its moving papers. *See Ojo v. Farmers Group, Inc.*, 565 F.3d 1175, 1185 n.

12   13 (9th Cir. 2009) ("[I]t is generally 'improper for the moving party to . . . introduce new facts

13   or different legal arguments in the reply brief beyond . . . those that were presented in the

14   moving papers."); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court

15   need not consider arguments raised for the first time in a reply brief."); *Langston v. N. Am.*

16   *Asset Dev. Corp.*, No. C 08-02560 SI, 2009 WL 941763, at *5 n.7 (N.D. Cal. Apr. 6, 2009)

17   (Illston, J.) (disregarding new arguments and evidence improperly raised in reply brief); *Malin*

18   *v. JPMorgan*, 860 F. Supp. 2d 574, 577 (E.D. TN. 2012) ("It is well-settled that a movant

19   cannot raise new issues for the first time in a reply brief because considerations of the issues

20   'deprives the non-moving party of its opportunity to address the new arguments.'").

21   The reply declarations of A. Mathew Ashley and William Glad, along with their five

22   exhibits, were not presented before and should be stricken.   The arguments based on Uber's

23   new evidence—that courts hold "that notice was sufficient when it was provided just before

24   the user completed his or her registration," and that Plaintiff Coolidge consented to Uber's

25   arbitration provision by taking Uber rides after May 4, 2015—are new arguments that were not

26   advanced before.  They should be ignored.

27   **B.    Plaintiffs Are Prejudiced By Uber's New Evidence And New Arguments**

28   Without a chance to respond to the new evidence and arguments, Plaintiffs will be

prejudiced.  The Ashley and Glad Declarations include new facts used by Uber to advance new arguments.  Uber cites to the exhibits attached to the Ashley Declaration to support an argument that "courts in this Circuit and throughout the nation have held that notice was sufficient when it was provided just before the user completed his or her registration."  Uber Reply at 8:26-28.  Aside from the fact that none of the cases from which Uber borrowed the new exhibits concern a defendant's attempt to form an agreement through a smartphone application, numerous other facts exists that distinguish these exhibits, and the registration processes in the cases from which Uber obtained these exhibits, from Uber's registration process. Unless Plaintiffs are given a chance to fully address the new evidence presented by Mr. Ashley, Plaintiffs will be prejudiced by Uber's mischaracterization of these newly presented facts.

Similarly, Uber uses the new facts contained in the Glad Declaration to advance a new argument that Plaintiff Coolidge's use of UberX Transportations services after Uber filed its Motion on May 4, 2015, constitutes Mr. Coolidge's consent to Uber's TOS and the arbitration provision contained within.  In support of this new argument, Uber cites to *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393 (2d Cir. 2004), a Second Circuit decision that Uber did not include in its moving papers.  This case differs considerably from *Register.com, Inc*., however.  Unlike *Register.com, Inc*., where the plaintiff saw the terms of defendant's offer each time it visited the defendant's website and admitted that "it was fully aware of the terms on which [defendant] offered the access," Uber did not provide Mr. Coolidge with notice of its TOS each time he took an Uber ride and has not admitted he has any knowledge of Uber's TOS.

If Uber's new reply evidence and new arguments had been part of Defendant's opening papers, Plaintiffs could have exposed these flaws and more. Instead, they are introduced for the first time in reply.  Defendant should not be permitted to save evidence and arguments for its reply. Under these circumstances, the reply evidence should be stricken and the new arguments ignored. *See Tovar v. United States Postal Serv*., 3 F.3d 1271, 1273 n.3 (9th Cir. 1993) (granting motion to strike new information filed on reply); *In re TFT-LCD Antitrust Litig*., 267 F.R.D. 291, 315 (N.D. Cal. 2010) (Illston, J.) (striking reply declarations as

1    untimely); *Langston*, 2009 WL 941763, at *5 n.7 (disregarding new arguments and evidence

2    improperly raised in reply brief).

3    **C.**    <u>**In the Alternative, the Court Should Allow Plaintiffs to File a Surreply to Address**</u>

4    <u>**the New Facts And Arguments Raised in Reply**</u>

5    If the Court does not wish to exclude Uber's new evidence and arguments, it should

6    allow Plaintiffs to file a surreply to respond to the newly presented evidence and new

7    arguments. As described above, Uber is using its new evidence to advance new arguments.

8    Plaintiffs should be afforded the opportunity to respond.

9    **III. CONCLUSION**

10    For the foregoing reasons, Plaintiffs respectfully request that the Court ignore Uber's

11    new arguments and strike from the record the Declarations of A. Mathew Ashley and William

12    Glad, along with their five exhibits (Dkt. Nos. 40, 40-1, 40-2, 40-3, 40-4, 40-4, 41). In the

13    alternative, Plaintiffs request that the Court allow Plaintiffs to file a surreply to respond to the

14    new evidence and arguments.

15    DATED: June 1, 2015        Respectfully submitted,

16                             **AHDOOT & WOLFSON, PC**

17                             By: <u>/s/ Keith Custis</u>

18                             Tina Wolfson
                            Robert Ahdoot

19                             Keith Custis, Of Counsel
                            Theodore W. Maya

20                             1016 Palm Avenue
                            West Hollywood, California 90069

21                             Telephone: 310-474-9111

22                             Facsimile: 310-474-8585

23                             Nick Suciu III (pro hac vice application
                            forthcoming)

24                             BARBAT, MANSOUR & SUCIU PLLC
                            434 West Alexandrine #101

25                             Detroit, Michigan 48201

26                             Tel: (313) 303-3472

27                             Counsel for Plaintiffs
                              JULIAN MENA, TODD SCHREIBER,

28                               NATE COOLIDGE and ERNESTO MEJIA